IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1997 SESSION



**FILED**

**September 30, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

STATE OF TENNESSEE            )
                             )        NO. 03C01-9609-CR-00353
          Appellee,          )
                             )        ROANE COUNTY CRIMINAL
v.                           )
                             )        Hon. E. Eugene Eblen, Judge
WILLIAM PERRY THOMPSON       )
                             )        (Post-Conviction Relief)
          Appellant.         )

FOR THE APPELLANT                      FOR THE APPELLEE

Joe H. Walker                          Charles W. Burson
Public Defender                        Attorney General & Reporter
P.O. Box 334
Harriman, TN. 37748                    Peter M. Coughlan
                                       Assistant Attorney General
Walter B. Johnson, II                  Criminal Justice Division
Assistant Public Defender              450 James Robertson Parkway
P.O. Box 334                           Nashville, TN. 37243
Harriman, TN. 37748
                                       Charles E. Hawk
                                       District Attorney General
                                       P.O. Box 703
                                       Kingston, TN. 37763

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

WILLIAM M. BARKER,
JUDGE

OPINION

The appellant, William Perry Thompson, appeals the Roane County Criminal Court's dismissal, without a hearing, of his petition for post-conviction relief.  We affirm the trial court.

On October 23, 1995, the appellant was convicted and sentenced as a Range II offender in the Roane County Criminal Court for theft over ten thousand ($10,000) dollars.  The trial court sentenced the appellant to six years imprisonment.  No appeal was taken from that conviction and sentence.

On March 6, 1996, the appellant filed a post-conviction petition alleging that his 1995 sentence was improperly enhanced by his prior convictions.  He alleges that his prior convictions were unconstitutional because his guilty pleas in those cases were not made knowingly and voluntarily.  Those prior convictions date back to 1989 and include the following:  (1) On March 17, 1989, the appellant pled guilty and was sentenced by the Roane County Criminal Court on two counts of grand larceny and one count of concealing stolen property valued over two hundred ($200) dollars;  (2) On December 14, 1989, the appellant pled guilty and was later sentenced by the Roane County Criminal Court on one count of grand larceny, third degree burglary, and false pretenses over two hundred ($200) dollars; and (3) In 1990, the appellant pled guilty and was sentenced by the Knox County Criminal Court on one charge of second degree burglary and a separate charge of burglary.

The appellant has never challenged any of the above convictions or sentences until his 1996 post-conviction petition.  The trial court dismissed the petition as being time barred by the three-year statute of limitations.  See Tenn. Code Ann. § 40-30-102 (repealed 1995).

The appellant's only issue on appeal is that the trial court erred in dismissing his post-conviction petition without a hearing.  The appellant relies on Burford v. State, 845 S.W.2d 204 (Tenn. 1992) to assert that a hearing was required to determine if the three-year statute of limitations properly applied to his petition.  His reliance on Burford

2

is misplaced. The rule from Burford, as now codified in Tennessee Code Annotated section 40-30-202 (b)(3), applies in cases where petitioners challenge the validity of their sentence as enhanced by prior convictions that have subsequently been overturned. In those cases, our supreme court has held that strict application of the three-year statute of limitations in Tennessee Code Annotated section 40-30-102 would result in a violation of the petitioner's rights to due process. See Burford, 845 S.W.2d at 208-209.

In the appellant's case, however, his prior convictions in 1989 and 1990 have never been reviewed or overturned. The appellant is essentially requesting this Court to review the validity of his prior convictions almost eight years after he entered guilty pleas in those cases. Any post-conviction challenge pertaining to the 1989 and 1990 convictions is clearly time barred by the three-year statute of limitations. See Tenn. Code Ann. § 40-30-102 (repealed 1995). Absent a review and finding that his prior convictions are invalid, the appellant's present challenge to his 1995 sentence is without merit.

The appellant waited until 1996 to raise any challenge concerning his convictions in 1989 and 1990. Consequently, any present review of those prior convictions is time-barred. Under the mandate set forth in Tennessee Code Annotated section 40-30-206(b), the trial court properly dismissed the appellant's petition.

Pursuant to Rule 20, Rules of the Court of Criminal Appeals, we affirm the judgment of the trial court.

_____
WILLIAM M. BARKER, JUDGE

3

CONCUR:


_____
GARY R. WADE, JUDGE


_____
PAUL G. SUMMERS, JUDGE